# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

TRUSTEES OF THE IRON WORKERS
LOCAL 25 PENSION FUND; IRON
WORKER LOCAL 25 HEALTH FUND;
IRON WORKERS LOCAL 25
VACATION PAY FUND; IRON WORKERS
LOCAL 25 DEFINED CONTRIBUTION
PENSION FUND; and IRON WORKERS
LOCAL 25 TRAINING FUND,
,

        Plaintiffs,

vs.

HARMON, INC.,
a Minnesota corporation,

        Defendant.

Case No. _____

# COMPLAINT

Plaintiffs, the Trustees of the Iron Workers Local 25 Pension Fund, Iron Workers Local 25 Health Fund, Iron Workers Local 25 Vacation Pay Fund, Iron Workers Local 25 Defined Contribution Pension Fund, and Iron Workers Local 25 Training Fund (hereinafter the "Funds"), for their complaint against Defendant Harmon, Inc. ("Harmon"), state and allege as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a suit to enforce the requirements of employee benefit plans established and maintained by employers engaged in commerce or an industry or an activity affecting commerce, within the meaning of Section 4 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1003, as amended.

2. Jurisdiction of this action is conferred upon the Court by Section 502 of the Act, 29 U.S.C. § 1132 and § 306(a) of the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1145.

3. Venue is proper in this district under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Harmon is a Minnesota business and can be found in this district.

## THE PARTIES

4. Plaintiffs are the Trustees of the Funds, which have their administrative offices in Troy, Michigan. The current Trustees are Dennis Aguirre, Wayne Coffell, Michael Randick, Richard Sawhill, Chris Vlk, and Mark Kerney.

5. The Funds are multiemployer employee benefit funds established under Section 302 of the Labor Management Relations Act of 1947 (the Taft-Hartley Act), 29 U.S.C. § 186(c), and are governed and administered pursuant to ERISA and the terms of the trust agreements ("Trust Agreements") establishing the Funds.

6. The Funds are established and maintained pursuant to the Trust Agreements and the requirements of 29 U.S.C. § 1102 and § 1103 for the purposes of providing pension, hospital, medical, vacation, training, disability, death, and associated benefits.

7. Defendant Harmon, Inc. is a Minnesota business corporation with an office address of 1650 W. 82nd Street, Suite 1100, Bloomington, MN 55431.

8. Defendant Harmon, Inc. is, and has been at all material times herein, an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and is engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003, as amended.

**FACTUAL ALLEGATIONS**

9. Beginning in approximately January 2023, Harmon employed union iron worker labor in the craft and territorial jurisdiction of Local Union No. 25 of the International Association of Bridge, Structural, Reinforcement and Ornamental Iron Workers (hereinafter "Local 25"), which is a union local in Michigan under the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers.

10. Harmon is, and has been at all material times, a party to the International Agreement with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (the "International Agreement"), which

requires Harmon to abide by the work rules and pay the scale of wages and benefits in effect in the Local Union in which the employer is performing work.

11. The Local 25 collective bargaining agreement ("CBA") requires covered employers to make contributions to the Plaintiff Funds on behalf of each of their employees who perform the type of work covered by and within the jurisdiction of the Local 25 CBA for the purpose of funding the various employee fringe benefit plans.

12. The Local 25 CBA requires employer contributions to be made by the 26th of the month following the month in which the covered employee worked. Contributions due but not received by the 26th of the month are considered delinquent and are subject to a liquidated damages assessment, in addition to interest on the unpaid contributions and attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

13. The terms of the Trust Agreements for the Funds also require contributions be submitted to the Funds for work performed within the jurisdiction of the Local 25 CBA for purposes of funding the various employee fringe benefit plans.

14. The Funds are third-party beneficiaries of the Local 25 CBA.

15. Pursuant to the terms of the Trust Agreements and Local 25 CBA, contributions become vested plan assets on the date on which they are due.

16. Harmon also has a statutory duty to make all fringe benefit contributions to the Funds pursuant to ERISA § 515, 29 U.S.C. § 1145.

17. From approximately January 2023 and continuing into the present, Harmon has performed work within the territorial jurisdiction of the Funds covered by the Local 25 CBA.

18. In November 2023, the Funds completed an employer payroll audit of Harmon as permitted by the terms of the Trust Agreements and Local 25 CBA.

19. The audit concluded that during the audit period of January 2020 through September 2023, Harmon had not paid all contributions owing for work performed within the territorial jurisdiction of the Funds covered by the Local 25 CBA, the principal amount of which is in excess of $350,000.00.

20. Harmon has also continued to perform work within the territorial jurisdiction of the Funds covered by the Local 25 CBA from October 2023 to the present.

21. Upon information and belief, Harmon has also not submitted the required fringe benefit contributions for work performed by Harmon in the jurisdiction of the Funds covered by the Local 25 CBA from October 2023 to the present.

22. Despite the Funds' demand for payment of the same, Harmon has failed to pay any portion of the audit balance or other unpaid contributions, and continues to owe outstanding fringe benefit contributions and related damages.

## COUNT I

**VIOLATION OF 29 U.S.C. § 1145 AND THE COLLECTIVE BARGAINING AGREEMENT**

23. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 22 above as though fully set forth herein.

24. Plaintiff Trustees are fiduciaries with respect to the employee benefit plans they administer and are authorized to sue, pursuant to 29 U.S.C. §1132, for an employer's failure to make payments as required under 29 U.S.C. §1145 to the employee benefit plans. The Trustees are further entitled to collect from Harmon interest on the unpaid amounts, liquidated damages, and reasonable attorney fees and costs of this action, pursuant to the Local 25 CBA, Trust Agreement, and 29 U.S.C. §1132(g).

25. Harmon has been delinquent in making fringe benefit contributions pursuant to the terms of the Trust Agreements and Local 25 CBA for work performed within the Fund's jurisdiction.

26. Harmon has violated ERISA, 29 U.S.C. § 1145, and the terms of the Local 25 CBA by failing to pay the required fringe benefit contributions to the Funds.

27. The interest, welfare, and security of the employees of Harmon and all other participants of the fringe benefit plans are imperiled by Harmon's failure to make timely payments to the Funds.

28. By reason of the foregoing, Harmon owes the Funds a principal amount exceeding $350,000.00 for work performed in the jurisdiction of the Funds and the Local 25 CBA through September 2023, together with interest, liquidated damages, and the reasonable attorneys' fees and costs incurred in pursuing this action.

29. Upon information and belief, Harmon also owes the Funds additional delinquent fringe benefit contributions for work performed from October 2023 to the present, which such amounts would also be subject to interest, liquidated damages, and the reasonable attorneys' fees and costs incurred in pursuing this action.

30. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Harmon is ordered to specifically perform all of Harmon's obligations under the International Agreement, Local 25 CBA, and Trust Agreements and are restrained from refusing to perform thereunder going forward.

WHEREFORE, Plaintiffs request the following relief:

1. Judgment in favor of the Plaintiff Funds against Defendant Harmon, Inc. for all known and unknown unpaid fringe benefit contributions,

together with liquidated damages, interest, court costs, audit and other collection costs, and reasonable attorneys' fees;

2. An order compelling Defendant Harmon, Inc. to make all future contributions to the Funds in accordance with the terms of the Local 25 CBA and Trust Agreements; and

3. Any such other or further relief as the Court deems just and equitable.

Respectfully Submitted,

HESSIAN & MCKASY, P.A.

Dated: June 14, 2024        By: /s/ *Laura H. Lindsay*
       William A. Cumming (Bar No.175067)
       Laura H. Lindsay (Bar No. 392758)
       Attorney for Plaintiffs

       60 South Sixth Street
       Suite 3700
       Minneapolis, MN 55402
       (612) 746-5757
       wcumming@hessianmckasy.com
       llindsay@hessianmckasy.com

       *Attorneys for Plaintiffs*