UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trustees of the Iron Workers Local 25 Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Harmon, Inc., <br><br> Defendant. | Case No. 24-cv-2281 (LMP/TNL) <br><br><br> **ORDER** |

Laura H. Lindsay and William A. Cumming, Hessian & McKasy P.A., 3700 RBC Plaza, 60 South Sixth Street, Minneapolis, Minnesota 55402 (for Plaintiffs); and

Mark P. Schneebeck, Fox Rothschild LLP, 33 South Sixth Street, Suite 3600, Minneapolis, Minnesota 55402 (for Defendant).

___

This matter comes before the Court on Defendant Harmon, Inc.'s Motion for Leave to File a Third-Party Complaint, ECF No. 15. The parties argued the motion to the Court on December 9, 2024. ECF No. 24. At the hearing, the Court ordered the parties to submit supplemental letter briefs, which the parties submitted on December 17. ECF Nos. 25, 26. The issue is now ripe for a determination by the Court.

## I.    BACKGROUND

Plaintiffs Trustees of the Iron Workers Local 25 Pension Fund et al. provide employee benefits—such as pension, medical, and vacation benefits—to certain workers. Amended Complaint at ¶¶ 5–6, ECF No. 1. Defendant is a construction company.

1

Plaintiffs allege that Defendant has signed an agreement with the International Association of Bridge, Structural, Reinforcement and Ornamental Iron Workers requiring Defendant to pay for employee benefits and comply with the work rules set by the Local Union in which Defendant performs work. *Id.* ¶ 10. In their complaint, Plaintiffs state that Defendant employed union iron workers for construction projects within the territorial jurisdiction of Local Union No. 25. *Id.* ¶¶ 9, 17.

Plaintiffs claim that the Local 25 collective bargaining agreement requires employers to make contributions to Plaintiffs for each employee who performs relevant work within the territorial jurisdiction of Local 25. *Id.* ¶ 11. They assert that Defendant has failed to pay all contributions due for the work Defendant has performed within the territorial jurisdiction of Local 25. *Id.* ¶¶ 19, 21. As a result, Plaintiffs filed this lawsuit, alleging that Defendant violated the Employee Retirement Income Security Act of 1972, more commonly known as ERISA, and seeking all unpaid fringe benefit contributions. *Id.* ¶ 26.

Defendant now seeks to file a third-party complaint. In its proposed third-party complaint, Defendant asserts that Local 25 could not supply sufficient employees for Defendant's project. Proposed Third-Party Complaint at ¶ 9, ECF No. 15-1. As a result, Defendant claims that it employed workers from other local unions who traveled to the territorial jurisdiction of Local 25 to perform work. *Id.* ¶¶ 10–11. According to Defendant, it paid benefit contributions to the home local benefit funds of the traveling workers, rather than to Plaintiffs. *Id.* ¶ 13.

Defendant alleges that its agreement with the International Association states that "[u]nder no circumstances shall there be a request for payment of double fringe benefit amounts (benefits paid to more than one Local Union's funds) as a result of work performed under this agreement." *Id.* ¶ 15. And Defendant claims that traveling workers have the right to authorize that benefit contributions made to Plaintiffs be transferred to the workers' home local benefit funds. *Id.* ¶ 16.

Based on all these allegations, Defendants seek to file a third-party complaint with a claim of unjust enrichment: "In the event this Court determines that [Defendant] erred as a matter of law by paying contributions to the Home Local Funds [of the traveling workers] instead of to Plaintiffs, it would be unjust to allow the Home Local Funds to retain those contributions." *Id.* ¶ 21.

## II.   ANALYSIS

Defendant argues that this Court should grant its motion for leave to file a third-party complaint, contending that the third-party complaint will expeditiously resolve the claims in dispute. Defendant's Memo at 3, ECF No. 17. Plaintiffs disagree. They respond first that the home local benefits funds are not appropriate parties under Fed. R. Civ. P. 14 and second that the proposed third-party complaint will complicate and delay litigation. Plaintiffs' Memo at 7, ECF No. 22.

Under the Federal Rules of Civil Procedure, a defendant may serve a summons and complaint "on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). But the defendant must obtain the court's leave if it seeks to file the third-party complaint more than 14 days after serving its original answer. *Id.*

### A. The liability of the home local benefit funds is dependent on Defendant's liability to Plaintiff.

Plaintiffs assert that the home local benefit funds' liability to Defendant is not contingent upon Defendant's liability to Plaintiffs. ECF No. 22 at 7. As a result, Plaintiffs argue that the home local benefit funds are not appropriate parties to this action. *Id.*

Rule 14(a) "allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). But "Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *Id.* "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." 6 Fed. Prac. & Prod. (Wright & Miller) § 1446 (3d ed. 2010).

Admittedly, the proposed third-party complaint does not present one of the classic derivative liability claims, such as indemnity or contribution; rather, the proposed third-party complaint presents a claim for unjust enrichment. ECF No. 15-1 at ¶ 21. But Defendant's claim for unjust enrichment is dependent on the outcome of Plaintiff's claim for unpaid fringe benefits. In its proposed third-party complaint, Defendant alleges that if Defendant is found to have mistakenly paid benefit contributions to the home local benefit funds instead of to Plaintiffs, it would be unjust to allow the home local benefit funds to retain those contributions because the contractual agreements prohibit double payment. *Id.*

4

¶¶ 15, 17, 21. In other words, whether the home local benefit funds have been unjustly enriched depends on whether or not Defendant is liable to Plaintiffs.

Plaintiffs argue that Defendant has the ability to seek a return of the benefit contributions from the home local benefit funds through 29 U.S.C. § 1103(c)(2)(A)(ii) at any time, without needing to bring the home local benefit funds into this lawsuit as third-party defendants. ECF No. 22 at 7. Defendant's ability to seek a refund, however, does not change the fact that Defendant has alleged that the home local benefit funds will be unjustly enriched only if Defendant is found liable to Plaintiff.

The Court finds *Brecke v. Ryan & Assocs., Inc.* instructive.[1] 2020 WL 13548679 (N.D. Iowa Apr. 13, 2020). *Brecke* presented a remarkably similar issue: plaintiffs-employee-benefit funds allege that defendant-company failed to make contributions to the plaintiffs-funds under the terms of a collective-bargaining agreement. *Id.* at *1. Defendant-company later moved for leave to file a third-party complaint, alleging that it paid money to the local benefit funds of traveling union workers instead of to plaintiffs-funds. *Id.* Unlike Defendant's proposed third-party complaint, defendant-company contended that under reciprocity agreements, the plaintiffs-funds were *required* to remit benefit contributions to the local benefit funds.[2] *Id.* As a result, defendant-company asserted that

---

[1] The Court notes that it relies on this case only for its persuasive value. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in . . . a different judicial district.") (quotation omitted).

[2] The Court notes that Defendant, in its proposed amended complaint, has alleged that traveling union workers have the right to authorize that contributions made on their behalf to Plaintiffs be transferred to their home local benefit fund. ECF No. 15-1 at ¶ 16. This is

5

if it were ordered to pay plaintiffs-funds, the local benefit funds of the traveling union workers would be unjustly enriched because the plaintiffs-funds would be required to remit the payments to the local benefit funds. *Id.*

Plaintiffs-funds argued that defendant-company's claim against the local benefit funds of the traveling workers was not dependent on its liability to plaintiffs-funds. *Id.* at *4. The district court disagreed, finding that "[defendant-company]'s theory of unjust enrichment to the [local benefits funds] depends on [defendant-company] being ordered to pay [plaintiffs-funds] in the main action, and [plaintiffs-funds] in turn giving that money to the [local benefits funds] under the reciprocity agreement (resulting in contributions from [defendant-company] compensating the [local benefits funds] twice)." *Id.*

Defendant's proposed third-party complaint is similar, although not identical. The primary difference is that the defendant-company in *Brecke* alleged reciprocity agreements that would result in double contribution being paid *to the local benefits funds*; in contrast, Defendant has alleged that it would have *pay* double contribution—one payment to Plaintiffs and one payment to the home local benefit funds.

Even so, the Court finds the analysis in *Brecke* persuasive. Defendant's theory of unjust enrichment depends on Defendant being ordered to pay funds to Plaintiff that it has already paid to the home local benefits funds, resulting in contributions from Defendant compensating two local unions for the work on one employee, contrary to the alleged contractual agreement between Defendant and the International association. Because the

---

different from the reciprocity alleged in *Brecke*, however, because it does not allege that benefits to Plaintiffs *must* be transferred to the home local benefit funds.

6

home local benefit fund's liability depends on Defendant's liability to Plaintiff, the Court finds the proposed third-party complaint proper under Rule 14.

### B. Defendant's proposed third-party complaint would enhance efficiency.

Defendant argues that "[t]o the extent [Plaintiffs] prove that [Defendant] should have made these contributions to [Plaintiffs] instead of the Home Local Funds, [Defendant] will seek to recoup contributions made to the Home Local Funds so that it can contributed those funds to the Local No. 25 Funds." ECF No. 17 at 3. In short, according to Defendant, granting its motion "will ensure that the intertwined claims are disposed of in a single litigation in an expeditious manner." *Id.* at 4. Plaintiffs respond that the proposed third-party complaint will complicate and delay litigation. ECF No. 22 at 5–6. Plaintiffs assert that it is unclear whether this Court has personal jurisdiction over the home local benefit funds and point out that it is unclear whether Defendant has requested a refund of the mistaken payment from the home local funds. *Id.*

In Defendant's supplemental letter brief, it argues that "there is a colorable basis to support personal jurisdiction." ECF No. 25 at 1. Plaintiffs argue in their supplemental letter brief that there is no clear basis for personal jurisdiction, so the motion should be denied. ECF No. 26 at 1–3.

The comments to Rule 14 read, "[a]fter the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim." Fed. R. Civ. P. 14, Notes of Adv. Comm. on Rules—1963 Amend. The Court therefore considers whether

7

Defendant's proposed third-party claim is obviously unmeritorious and could only delay or prejudice Plaintiff.

"The cases unanimously hold that a federal court must obtain personal jurisdiction over a third-party defendant before it proceeds to adjudicate a third-party claim. If jurisdiction cannot be obtained, impleader will be denied as an initial matter, or the third-party claim will be dismissed from the case." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1445 (3d ed. 2024).

Defendant has, in its letter brief, presented a colorable basis to support personal jurisdiction. Defendant notes that the home local benefits funds have had email communications with Defendant on a monthly basis, and Defendant provides caselaw that email contacts may be sufficient to establish personal jurisdiction. ECF No. 25 at 2. The Court takes no position on the ultimate question of whether this District has personal jurisdiction over any or all of the proposed third-party defendants. But the Court finds that Defendant has shown a potential basis for personal jurisdiction over the home local benefits funds, making the proposed third-party complaint not "obviously unmeritorious." *Contra* Fed. R. Civ. P. 14, Notes of Adv. Comm. on Rules—1963 Amend. As a result, the appropriate instrument for the home local benefits funds to challenge personal jurisdiction—if they choose so to do[3]—is in a motion to dismiss, rather than by Plaintiffs objecting to personal jurisdiction on behalf of the home local benefits funds in a proceeding at which the home local benefits funds are not present.

---

[3] Even if the home local benefits funds do not believe that this Court has personal jurisdiction over them, they might still choose to waive personal jurisdiction.

Moreover, Plaintiffs have not shown any specific unfair prejudice outside of potential delay. If the home local benefits funds have legitimate defenses to Defendant's claim, they can litigate those defenses at the same time Defendant litigates its defense against Plaintiffs' claim. Defendant's alleged potential failure to seek reimbursement from the home local benefits funds also does not prejudice Plaintiffs. Finally, the Court notes that the claims in Plaintiffs' complaint are deeply intertwined with the claims in Defendant's proposed third-party complaint. Plaintiffs seek money from Defendant, the exact money that Defendant says it paid to the home local benefit funds. Resolving both the claim against Defendant and Defendant's claim against the home local benefits funds in a single lawsuit would therefore promote judicial efficiency and allow the parties to resolve their disputes in an economical manner.

Because Defendant has a potentially meritorious claim against the home local benefit funds, and because Plaintiffs have not shown that they will be prejudiced or that their claim will experience excessive delay, the Court finds that granting Defendant's motion will ensure that the intertwined claims are disposed of in a single litigation in an expeditious manner.

### III.   ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Leave to File a Third-Party Complaint, ECF No. 15, is **GRANTED**.

9

2. Defendant shall serve the proposed third-party complaint, ECF No. 15-1, on the proposed third-party defendants within 14 days of this Order.

3. All prior consistent orders remain in fully force and effect; and

4. Failure to comply with any provision of this order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: January 8, 2025

*/s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Trs. of the Iron Workers Loc. 25 Pension Fund v. Harmon, Inc.*
Case No. 24-cv-2281 (LMP/TNL)